# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
11/17/2014
CT Log Number 526094037

**TO:**   Litigation Department
FedEx Corporation
Customer Account Services, 3620 Hacks Cross Rd.
Building B, 3rd Floor
Memphis, TN 38125

**RE:**   **Process Served in Texas**

**FOR:**   Fedex Corporate Services, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jesus Parra, Pltf. vs. FedEx Freight Services, Inc., etc., Dft. |
| **DOCUMENT(S) SERVED:** | Citation, Return, Original Petition, Exhibits |
| **COURT/AGENCY:** | County Court At Law Number 3, El Paso County, TX<br>Case # 2014DCV3433 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - On the basis of Race |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 11/17/2014 postmarked on 11/13/2014 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days |
| **ATTORNEY(S) / SENDER(S):** | Soraya Yanar Hanshew<br>The Hanshew Law Firm, PLLC<br>632 Moondale Dr.<br>El Paso, TX 79912<br>915-491-6181 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Standard Overnight , 771920250741<br>Image SOP |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| **TELEPHONE:** | 214-932-3601 |

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal
opinion as to the nature of action, the amount of damages, the
answer date, or any information contained in the documents
themselves. Recipient is responsible for interpreting said
documents and for taking appropriate action. Signatures on
certified mail receipts confirm receipt of package only, not
contents.



El Paso, Texas 79904

CERTIFIED MAIL™

7011 3500 0002 2097 4946



U.S. POSTAGE—
$7.61
FCM LG ENV
79910
Date of sale
11/13/14
06    2500
06276743

FEDEX FREIGHT SERVICES, INC. a/k/a
FEDEX CORPORATE SERVICES INC. a/k/a
FEDEX CORPORATION
c/o CT CORPORATION SYSTEM
1999 BRYAN ST. STE 900
Dallas, TX 75201-3136

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **FEDEX FREIGHT SERVICES, INC. a/k/a FEDEX CORPORATE SERVICES, INC. a/k/a FEDEX CORPORATION,** who may be served with process by serving its registered agent, **C T CORPORATION SYSTEM at 1999 BRYAN ST., STE. 900, DALLAS, TX 75201-3136**

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 3,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on the 28th day of October, 2014, by Attorney at Law SORAYA YANAR HANSHEW, 632 MOONDALE DR., EL PASO, TX 79912 in this case numbered **2014DCV3433** on the docket of said court, and styled:

**JESUS PARRA**

vs.

**FEDEX FREIGHT SERVICES, INC., a/k/a FEDEX CORPORATE SERVICES, INC., a/k/a FEDEX CORPORATION**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 7th day of November, 2014

Attest: NORMA L. FAVELA, District Clerk, El Paso County, Texas:

CLERK OF THE COURT
**NORMA L. FAVELA**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM
El Paso Texas, 79901

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE

Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

_____ , Deputy
Edith Miledi

CERTIFICATE OF DELIVERY BY MAIL

hereby certify that on the _____ day of _____ at _____ I mailed to

_____

_____

defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Plaintiff's Original Petition attached thereto.

| *NAME OF PREPARER | | TITLE |
|---|---|---|
| ADDRESS | | |
| CITY | STATE | ZIP |

_____
TITLE

## RETURN OF SERVICE

Delivery was completed on _____, delivered to_____

_____ as evidence by Domestic Return Receipt PS Form 3811

attached hereto.

The described documents were not delivered to the named recipient. The certified mail envelope was returned

undelivered marked _____.

This forwarding address was provided:_____

El Paso County, Texas_____ ____ _____

By:_____
   Deputy District Clerk

OR

_____
   Name of Authorized Person

By:_____

## VERIFICATION BY AUTHORIZED PERSON

State of Texas

County of El Paso

Before me, a notary public, on this day personally appeared _____, known to me to be the person

whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am

disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and

correct."

Subscribed and sworn to be on this _____ day

of _____, _____.

_____

Notary Public, State of _____

My commission expires:_____

El Paso County - County Court at Law 3

Case 3:14-cv-00459-FM  Document 1-1  Filed 12/16/14  Page 6 of 27

Filed 10/28/2014 11:22:45 PM
Norma L. Favela
District Clerk
El Paso County
2014DCV3433

IN THE _____ COURT OF
EL PASO COUNTY TEXAS

|  |  |  |
|---|---|---|
| JESUS PARRA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | CAUSE NO. _____ |
| FEDEX FREIGHT SERVICES, INC., | § | |
| a/k/a FEDEX CORPORATE | § | |
| SERVICES, INC., a/k/a FEDEX | § | |
| CORPORATION; | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

### PLAINTIFF'S ORIGINAL PETITION

COMES NOW, JESUS PARRA, (herein, "Plaintiff"), in the above-styled and numbered cause, and files his Original Petition wherein he complains of Defendant FedEx Freight Services, Inc. a/k/a FEDEX CORPORATE SERVICES, INC. a/k/a FEDEX CORPORATION (herein, "FedEx"). Plaintiff and Defendant herein will be referred to as the "Parties." Plaintiff for cause shows the Court the following:

### A. NATURE OF ACTION & DISCOVERY CONTROL PLAN

1. This action is brought to remedy discrimination on the basis of national origin (Hispanic) in the terms, conditions, and privileges of employment as is provided for in the Texas Commission on Human Rights Act of 1983 (TCHRA), *as amended,* TEX. LAB. CODE ANN. § 21.001, *et seq.*, which Act's purpose is to secure to those within the state freedom from discrimination in employment.

2. This action is brought to remedy discrimination on the basis of national origin in the terms, conditions, and privileges of employment as is provided for in Title VII of the Civil

Rights Act of 1964, 42 U.S.C. §2000e et seq., which Act's purpose is to secure freedom from discrimination in employment.

3.   This action is brought to remedy discrimination on the basis of Plaintiff's disability (diabetes) in the terms, conditions, and privileges of employment, including the right to be reasonably accommodated, as is provided for in the Texas Commission on Human Rights Act of 1983 (TCHRA), *as amended*, TEX. LAB. CODE ANN. § 21.001, *et seq.*, which Act's purpose is to secure to those within the state freedom from discrimination in employment, as well as within the American with Disabilities Act, *as amended,* 42 U.S.C. Ch. 126 §12101 *et seq*.

4.   Plaintiff wishes to conduct discovery under Level 2, provided in Rule 190.3 of the Texas Rules of Civil Procedure.

5.   This action is brought for damages, including but not limited to, prospective injunctive relief to remedy discrimination on the basis of disability in the terms, conditions, and privileges of employment as is provided for in the American with Disabilities Act, *as amended,* 42 U.S.C. Ch. 126 §12101 *et seq*. and the ADA Amendments Act of 2008, as well as all other compensatory, pecuniary and punitive relief and damages available to Plaintiff under the laws stated herein.

## B. PARTIES

6.   Plaintiff, Mr. Jesus Parra, is a Hispanic male individual, who was a prior employee of DEFENDANT, FEDEX FREIGHT SERVICES, INC. ("FedEx") in their Austin, Texas location. Plaintiff was a driver for Defendant.

7.   Mr. Parra presently resides in El Paso County, Texas. Mr. Parra moved to El Paso, Texas after he was unlawfully terminated from his prior employment with FedEx, found himself indigent and required socioeconomic assistance from family that resides in El Paso, Texas. Mr.

Parra is now permanently residing in El Paso, Texas.

8.    Defendant, FedEx is a Texas corporation.  Defendant's listed registered agent is C T Corporation System located at 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

9.    Whenever in this Original Petition Plaintiff alleges that Defendant FedEx committed any act or omission, it is meant that the FedEx's officers, directors, principals, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with full authorization, ratification or approval of Defendant FedEx or was done in the routine course and scope of employment of the Defendant's officers, directors, principals, vice-principals, agents, servants, or employees.

## C. JURISDICTION

10.    This Court has jurisdiction of the Parties and the subject matter of this lawsuit.

11.    Jurisdiction is invoked to seek a redress of violations of TEX. LAB. CODE ANN. § 21.001, *et seq.* ("Chapter 21"), as well as Title VII of the Civil Rights Act of 1964, and 42 U.S.C. §2000e et seq., the American with Disabilities Act, *as amended,* 42 U.S.C. Ch. 126 §12101 *et seq.* per the ADA Amendments Act of 2008.

12.    Jurisdiction is further invoked because Plaintiff by and through his previous employment with Defendant was subjected to unlawful employment practices committed in the State of Texas. The Court has jurisdiction over this lawsuit because the amount in controversy exceeds the Court's minimum jurisdictional requirements.

13.    Venue is proper in El Paso County, Texas, by reason of the provisions of Section 15.002(4) and 15.002(b) (1) of the Texas Civil Practice and Remedies Code.

14.    Further, Plaintiff is a male Hispanic resident of the United States and is currently, a resident of El Paso County, Texas.

15.    Plaintiff is an "employee" within the meaning of the Texas Commission on

Human Rights Act of 1983, TEX. LAB. CODE ANN. § 21.002(8), Title VII of the Civil Rights Act of 1964, and within the meaning of the American with Disabilities Act, *as amended,* 42 U.S.C. Ch. 126 §12111 (5) (A).

16.   Defendant is an entity that does business and has done business in El Paso County, Texas, and is considered an "employer" within the meaning of the Texas Commission on Human Rights Act of 1983, TEX. LAB. CODE ANN. § 21.002(7), Title VII of the Civil Rights Act of 1964 and the American with Disabilities Act, *as amended,* 42 U.S.C. §12111(8).

17.   Specifically, Defendant is a (d) (4) employer within TEX. LAB. CODE ANN. § 21.2585 of the Act, and in any event is at least category a (d) (1) employer within said section.

18.   Defendant is also considered an "employer" within the meaning of the American with Disabilities Act, *as amended,* 42 U.S.C. §12111(8).

19.   This is a proceeding for declaratory, injunctive compensatory relief, as well as all other relief applicable to secure the rights of Plaintiff under the American with Disabilities Act, 42 U.S.C. §12101 *et seq.*

20.   This is also a proceeding for damages and relief applicable to secure the rights of Plaintiff under TEX. LAB. CODE ANN. § 21.001, *et seq.,* Title VII of the 1964 Civil Rights Act and the American with Disabilities Act, 42 U.S.C. §12101 *et seq.*

## D. FACTS

21.   Plaintiff worked for Defendant FedEx since approximately April 2012.

22.   During the course of such employment, Plaintiff was a witness and a victim of pervasive national origin discrimination by Defendant. It became clear to Plaintiff that Defendant FedEx treated similarly situated employees who were not of a Hispanic background in a better form and fashion as to the terms and conditions of such employees' employment by

comparison to Hispanic employees, such as Plaintiff. Defendant equally mistreated and disregarded African American employees.

23. Disparate treatment by Defendant of Hispanic employees included but was not limited to, the granting of promotions for "White" employees over similarly situated racial minority employees and Hispanic employees of Defendant.

24. It became clear throughout the course of Plaintiff's employment, that Plaintiff alongside his Hispanic colleagues, was receiving less pay than similarly situated non-Hispanic, "White" employees employed by Defendant.

25. Further, Plaintiff was denied a forty (40) hour work week while similarly situated non-Hispanic and/or "White" co-workers were allowed to work forty hour work weeks, and often were allowed to work overtime accumulating up to sixty (60) hour work weeks.

26. Additionally, Plaintiff and his Hispanic and African-American colleagues were subjected by Defendant to racial/national origin slurs, racial/national origin animus and outright attacks of a racial/national origin nature due to their racial/national origin status.

27. Additionally, Plaintiff was discriminated against on account of his disability; Plaintiff is a diabetic.

28. Despite being acutely aware of Plaintiff's disability of diabetes, Defendant disciplined Plaintiff for taking necessary bathroom breaks due to his disability.

29. Plaintiff requested a reasonable accommodation from Defendant during the course of his employment, inclusive of being allowed to take such breaks as necessary to manage his disability. This reasonable accommodation requested by Plaintiff was rejected and ignored by Defendant for the fruition of Plaintiff's employment with Defendant, up through and including the conclusion of Defendant's discrimination against Plaintiff: Plaintiff's wrongful

termination by Defendants on or about January 31, 2013. TEX. LAB. CODE ANN. § 21.001, *et seq.*, Title VII of the 1964 Civil Rights Act, 42 U.S.C. §121111(9).

30.   Plaintiff was unlawfully terminated by Defendant on or about January 31, 2013.

31.   It was an unlawful employment practice for Defendant to discriminate against Plaintiff on account of his national origin.

32.   It was an unlawful employment practice for Defendant to fail and refuse to make a reasonable workplace accommodation for Plaintiff, after Plaintiff requested the same.

33.   Defendant would not have suffered an undue hardship by allowing Plaintiff additional restroom breaks to accommodate his physical needs as they relate to his diabetes.

34.   Plaintiff became indigent as a result of his unlawful termination by Defendant.

35.   Plaintiff has suffered pecuniary loss.

36.   Plaintiff has suffered physically as a result of the unlawful acts by Defendant.

37.   As a result of Defendant's callous and illegal actions, Plaintiff's life and health has declined drastically.

38.   Within the appropriate time of the acts of which Plaintiff complains, on or about January 31, 2013, Plaintiff filed a charge of discrimination, under oath, with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff's Charge of Discrimination with the EEOC is attached herein and incorporated by reference as Exhibit "A."

39.   Pursuant to the "work sharing agreement" between the Texas Workforce Commission (herein, "TWC") and the EEOC, the charge was investigated thereafter by the EEOC. On or after July 31, 2014, the EEOC mailed a Notice of Right to File a Civil Action to Plaintiff, wherein Plaintiff was provided notice of his right to file civil action with respect to his Charge of Discrimination. Accordingly, Plaintiff timely files this suit. Plaintiff's Notice of Right to File a

Civil Action to Plaintiff from the EEOC is attached herein and incorporated by reference as Exhibit "B."

40. As such, all conditions precedent to the filing of this action have been fulfilled. To the extent any time limits have not been complied with, same are futile, have been waived, or are tolled on account of agreement and/or fraud; Defendant is estopped from asserting the same.

### E.  CLAIMS FOR RELIEF
### COUNT ONE

#### (NATIONAL ORIGIN DISCRIMINATION AGAINST DEFENDANT)

41. Plaintiff re-alleges and incorporates by reference paragraphs 1 to 40 of this Petition and paragraphs 42 to 76 of this Petition, as if fully set forth herein.

42. By this reference, Plaintiff hereby incorporates all preceding paragraphs of this Petition as if they were set forth within this cause of action.

43. At all times set forth hereinafter, Defendant was an "employer" and is a "respondent" as defined by the "Texas Commission on Human Rights Act of 1983", TEX. LAB. CODE ANN. § 21.002(7) and Title VII of the 1964 Civil Rights Act.

44. Defendant is a corporation doing business in multiple Texas cities with more than 500 employees for each  working day in each of twenty or more calendar weeks in the current or preceding calendar year. Defendant is subject to the provisions of Chapter 21 and Title VII of the 1964 Civil Rights Act.

45. Plaintiff is of Hispanic national origin.

46. Defendant discriminated against Plaintiff because of his national origin, because he is Hispanic  and  allowed such discrimination to effect the terms and conditions Plaintiff's employment.

47. Defendant violated TEX. LAB. CODE ANN. § 21.001, *et seq.* and Title VII of the

1964 Civil Rights Act by (a) discriminating against Plaintiff due to his national origin, Hispanic (b) refusing and failing to provide Plaintiff with equal terms and conditions of employment as provided to his "White" co-workers, including but not limited to workplace and promotional opportunities, and other advantages and privileges of employment provided for non-Hispanic employees; (c) refusing to provide Equal Pay to Plaintiff by comparison to his "White," Non-Hispanic peers; (d) unlawfully terminating Plaintiff for his national origin; (e) pervasively discriminating against individuals based on national origin by allowing racist slurs and commentary to exist and be tolerated in the workplace.

48. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policies, practices, customs, and usages set forth herein, thus he requests declaratory, injunctive and equitable relief as a means of securing relief for such wrongs. TEX. LAB. CODE ANN. § 21.258.

49. Defendant acted with malice or reckless indifference to the state-protected rights of Plaintiff, and Plaintiff seeks punitive damages for this outrageous conduct.

50. As a direct and proximate result of the foregoing, Plaintiff was caused to suffer injury and resulting damages, for which he sues, including, but not limited to:

   (a) mental/emotional anguish, inconvenience, physical anxiety, physical ailments, loss of enjoyment of life, humiliation, and the like, past and future;

   (b) back pay, front pay, loss of earnings and earning capacity, loss of employment, damage to his career and to his professional and personal reputation, and employment benefits, past and future;

   (c) Attorney's fees and costs of court, inclusive of expert witness fees;

   (d) Restoration and make-whole relief for the loss of any employment benefits or other compensation denied or lost by the Plaintiff;

   (e) Reinstatement with seniority and any promotional opportunities he

would have had but for the discriminatory conduct, or front pay in the alternative to the same;

(f) Punitive damages against Defendant due Defendant's malicious acts and reckless indifference for Plaintiff's rights;

(g) And any other relief the Court deems just and proper.

## COUNT TWO

### (DISABILITY DISCRIMINATION AGAINST DEFENDANT)

51. Plaintiff re-alleges and incorporates by reference paragraphs 1 to 50 of this Petition and paragraphs 52 to 76 of this Petition, as if fully set forth herein.

52. By this reference, Plaintiff hereby incorporates all preceding paragraphs of this Petition as if they were set forth within this cause of action.

53. At all times set forth hereinafter, Defendant FedEx was an "employer" and is a "respondent" as defined by the "Texas Commission on Human Rights Act of 1983", TEX. LAB. CODE ANN. § 21.002(7) and as defined by the American with Disabilities Act, *as amended,* 42 U.S.C.§12111(8).

54. Defendant is a corporation doing business in multiple Texas cities with more than 500 employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. Defendant is subject to the provisions of Chapter 21 and is subject to the provisions of the American with Disabilities Act, *as amended,* 42 U.S.C. §12101 *et seq.*

55. Plaintiff has a disability within the meaning of Chapter 21 and 42 U.S.C. §12102, in that he is substantially limited in the major life activity as described herein, and has a record of such a condition, and was regarded as having such a condition.

56. Plaintiff is a qualified individual with disabilities within the meaning of Chapter 21 and 42 U.S.C. §12102.

57. Defendant discriminated against Plaintiff because of his disability, refused to provide

Plaintiff with the reasonable accommodation he requested throughout his employment up to and including at the time of his termination by Defendant, despite the fact that Plaintiff was a qualified individual with disabilities who was and is able to perform the essential functions of various positions with or without reasonable accommodations.

58. Defendant violated Chapter 21 and 42 U.S.C. §12102, *inter alia*, by (a) discriminating against Plaintiff (b) refusing and failing to provide Plaintiff with equal terms and conditions of employment, including but not limited, providing Plaintiff with equal workplace and promotional opportunities than those provided to his White, abled co-workers; as well as failing to provide Plaintiff with other advantages and privileges of employment; inclusive of equal pay, as was provided by Defendant for non-disabled employees; (c) refusing to provide reasonable accommodations; (d) culminating in the wrongful termination of Plaintiff due to his disability despite Plaintiff's repeated efforts to assert his rights as an employee; (e) and failing to take prompt and equitable steps to remedy discrimination.

59. As a direct and proximate result of the foregoing, Plaintiff was caused to suffer injury and resulting damages, for which he sues, including, but not limited to:

        (a) mental/emotional anguish, inconvenience, physical anxiety, physical ailments, loss of enjoyment of life, humiliation, and the like, past and future;

        (b) back pay, front pay, loss of earnings and earning capacity, loss of employment, damage to his career and to his professional and personal reputation, and employment benefits, past and future;

        (c) Attorney's fees and costs of court, inclusive of expert witness fees;

        (d) Restoration and make-whole relief for the loss of any employment benefits or other compensation denied or lost by the Plaintiff;

        (e) Reinstatement with seniority and any promotional opportunities he would have had but for the discriminatory conduct, or front pay in the alternative to the same;

(f) Punitive damages against Defendant due Defendant's malicious acts and reckless indifference for Plaintiff's rights;

(g) A declaration that his rights under the AMERICAN WITH DISABILITIES ACT were violated;

(h) Reinstatement with seniority and any promotional opportunities he would have had but for the discriminatory conduct, inclusive of reinstatement to his original employment position by Defendant or placement of Plaintiff in a comparable position to the one he would have had absent the improper acts of Defendant;

(i) Granting of a permanent injunction against Defendant enjoining Defendant and its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any further practice which discriminates against Plaintiff on the basis of his disability;

(j) And any other relief the Court deems just and proper.

60. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policies, practices, customs, and usages set forth herein, thus he requests declaratory, injunctive and equitable relief as a means of securing relief for such wrongs. 42 U.S.C. §12111.

## F. DAMAGES

61. Plaintiff re-alleges and incorporates by reference paragraphs 1 to 60 of this Petition, as well as paragraphs 62 to 76 of this Petition, as if fully set forth herein.

62. Plaintiff was caused to suffer injury and resulting damages, for which he sues, including, but not limited to:

(a) mental/emotional anguish, inconvenience, physical anxiety, physical ailments, loss of enjoyment of life, humiliation, and the like, past and future;

(b) back pay, front pay, loss of earnings and earning capacity, loss of employment, damage to his career and to his professional and personal reputation, and employment benefits, past and future;

(c) Attorney's fees and costs of court, inclusive of expert witness fees;

(d) Restoration and make-whole relief for the loss of any employment benefits or other compensation denied or lost by the Plaintiff, or front pay to compensate for the same in lieu of reinstatement;

(e) Reinstatement with seniority and any promotional opportunities he would have had but for the discriminatory conduct, or front pay in the alternative to the same;

(f) Punitive damages against Defendant due Defendant's malicious acts and reckless indifference for Plaintiff's rights;

(g) A declaration that his rights under the AMERICAN WITH DISABILITIES ACT were violated;

(h) Reinstatement with seniority and any promotional opportunities he would have had but for the discriminatory conduct, inclusive of reinstatement to his original employment position by Defendant or placement of Plaintiff in a comparable position to the one he would have had absent the improper acts of Defendant;

(i) Granting of a permanent injunction against Defendant enjoining Defendant and its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any further practice which discriminates against Plaintiff on the basis of his disability;

(j) And any other relief the Court deems just and proper.

63. Defendant acted with malice or reckless indifference to the state-protected rights of Plaintiff, and Plaintiff seeks punitive damages for this outrageous conduct.

## G. DEMAND FOR JURY

64. Plaintiff re-alleges and incorporates by reference paragraphs 1 to 63 of this Petition and paragraphs 65 to 76 of this Petition, as if fully set forth herein.

65. Plaintiff demands a jury trial at this time.

## H. REQUEST FOR DISCLOSURE

66. Plaintiff re-alleges and incorporates by reference paragraphs 1 to 65 of this Petition

and paragraphs 67 to 76 of this Petition, as if fully set forth herein.

67. Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose, within fifty (50) days of the service of this request, the information or material described in Rule 194.2.

## I. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectively prays that Defendant be cited to appear and answer herein, and that upon final hearing hereof, the Court grant Plaintiff the following relief:

68. Find Defendant's practices complained of herein, *i.e.*, including but not limited to Defendant's unlawful treatment and termination of Plaintiff based upon Plaintiff's national origin and disability to be in violation of Texas Commission on Human Rights Act of 1983 (TCHRA), *as amended*, TEX. LAB. CODE ANN. § 21.001, *et seq.*, Title VII of the Civil Rights Act of 1964 and the American with Disabilities Act, *as amended*.

69. Grant Plaintiff a declaratory, injunctive, and equitable relief via a judgment, declaring Defendant's practices complained of herein to be in violation of the Texas Commission on Human Rights Act of 1983 (TCHRA), *as amended*, TEX. LAB. CODE ANN. § 21.001, *et seq.*, Title VII of the Civil Rights Act of 1964, and the American with Disabilities Act *as amended*.

70. Order Defendant to rehire Plaintiff into the position or a position substantially similar to the one from which he was terminated from, with full salary, training, seniority, benefits, pay increases, promotions, awards, bonuses and the like, with full back pay (and interest thereon), and benefits he would have received had he never been discriminated against and as if he had worked in a discrimination-free/reprisal-free environment.

71. In lieu of reinstatement, order Defendant to pay Plaintiff all the back pay and benefits

due at the time of trial, and to pay Plaintiff front pay and benefits for a period beginning on the date of trial.

72. Enter judgment awarding Plaintiff compensatory damages from Defendant as later determined on all his causes of action.

73. Enter judgment awarding Plaintiff punitive or exemplary damages from Defendant for its willful, malicious and/or reckless conduct in an amount to be determined by the jury at trial, which will appropriately punish Defendant for its misconduct and which will appropriately deter Defendant from engaging in such misconduct in the future.

74. Enter judgment awarding Plaintiff prejudgment and post judgment interest as allowed by law at the legal rate.

75. Enter judgment awarding Plaintiff his attorney's fees and cost of court.

76. Grant such other and further relief at law or in equity, as the arbitrator deems necessary and proper.

> Respectfully submitted,
> The Hanshew Law Firm, PLLC
> **Soraya Yanar Hanshew, Esq.**
> 632 Moondale Dr.
> El Paso, Texas 79912
> syhlaw@outlook.com
> (915) 491-6181 Telephone
> (915) 996-9907 Facsimile
>
> SORAYA YANAR HANSHEW
> State Bar No. 24047151
>
> **ATTORNEY FOR PLAINTIFF**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA | 650-13-078 |
| | [X] EEOC | 36A-2013-00078 |

| Austin Equal Employment/Fair Housing Office | | and EEOC |
|---|---|---|
| State or local Agency, if any | | |

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Jesus G. Parra | (512) 417-0158 | 05-21-1974 |

| Street Address | City, State and ZIP Code |
|---|---|
| 3000 Lakeline Blvd. Apt. 714, Leander, TX 78641 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| FED-EX FRIGHT | 500 or More | (512) 310-0822 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2500 Chisholm Trail, Round Rock, TX 78681 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [X] NATIONAL ORIGIN

[ ] RETALIATION  [ ] AGE  [X] DISABILITY  [ ] GENETIC INFORMATION

[X] OTHER (Specify)  Equal Pay

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 04-16-2012   Latest: 01-31-2013

[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Harm:  Denied a Reasonable Accommodation, Denied Promotion(s), Terms & Conditions, Equal Pay, Disciplined.

Respondent's Reason for Adverse Action: None Given

Charging Party alleges from April 16, 2012, he and his minority (Hispanic & Black) comparators are being treated less favorably than his none Hispanic/Black co-workers (White).

Charging Party states he has shown an interest in several promotions that have come available but has been denied.

Charging Party alleges he has been denied his 40-hour work week but his White comparators often are allow to work as many as 60-hours per week, affecting the terms and conditions of his employment and his pay.

Charging Party alleges he had been denied a reasonable accommodation and disciplined for taking restroom breaks due to his disability.

Charging Party alleges there are not minorities in the role of supervisor.

Charging Party believes he (and his minorities comparators are) is being discriminated against because of his National Origin (Hispanic), his disability in that he has been denied a reasonable accommodation, disciplined, denied promotions, the terms and conditions of his employment is affected and he has been subjected to discipline. Charging Party believes this to be a violation of The Americans with Disabilities Act of 1990 as amended, The Equal Pay Act of 1963, Title VII of the Civil Rights Act of 1964, as amended and the Texas Commission on Human Rights Act as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| | Flynn A. Lee |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| (1-31-13)  Date     Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| | MY COMMISSION EXPIRES August 22, 2015 |

EEOC Form 5 (11/09)

EXHIBIT
A

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Jesus G. Parra
7113 Tierra Roja
El Paso, TX 79912

From: San Antonio Field Office
5410 Fredericksburg Rd
Suite 200
San Antonio, TX 78229

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 36A-2013-00078 | Estella Slaughter, Investigator | (210) 281-7656 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____     7/31/14
Travis G. Hicks, Director        (Date Mailed)

Enclosures(s)

cc:   FED-EX FREIGHT
c/o Brad Crawford
Senior Counsel
P.O. Box 840
Harrison, AR 72602-0840

**EXHIBIT**
B

CAUSE NO. 2014DCV3433

| JESUS PARRA, | § | IN THE COUNTY COURT |
| Plaintiff | § | |
| | § | |
| v. | § | AT LAW NO. 3 |
| | § | |
| FEDEX FREIGHT SERVICES, INC., | § | |
| a/k/a FEDEX CORPORATE SERVICES, | § | |
| INC., a/k/a FEDEX CORPORATION | § | |
| Defendants. | § | EL PASO COUNTY, TEXAS |

## DEFENDANTS' MOTION TO TRANSFER VENUE AND GENERAL DENIAL

COMES NOW Defendants, FedEx Freight Services, Inc., a/k/a FedEx Corporate Services, Inc., a/k/a FedEx Corporation, in the above-styled and numbered cause and files their Motion to Transfer Venue to Williamson County and General Denial, pursuant to Texas Rules of Civil Procedure 86, 87 and 92, Texas Civil Practice and Remedies Code Sections 15.002 and 15.063, and in support hereof show the Court as follows:

### I.    Motion to Transfer Venue

Defendants object to venue in El Paso County, the county in which this action is instituted, on the ground that El Paso County is not a county of proper venue under the general venue rule. CIV. PRAC. & REM. CODE 15.002(a). No basis exists for permitting venue in El Paso County as alleged in Plaintiff's Original Petition under any of the general venue rules provided by Section 15.002(a) of the Texas Civil Practice and Remedies Code.

Rather, pursuant to Section 15.002(a), venue is proper in Williamson County, Texas as Williamson County is the county in which all or a substantial part of the events giving rise to the claim occurred. *See* TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1). Plaintiff's claims arise out of discrimination Plaintiff allegedly suffered while employed with FedEx Freight, Inc. The

1

conduct of which Plaintiff complains all occurred in Williamson County, Texas. Plaintiff was employed by FedEx Freight, Inc. which is located in Williamson County at 2500 Chisolm Trail Round Rock, Texas 78681. Plaintiff resigned from employment with FedEx Freight, Inc. in Williamson County. After his resignation, Plaintiff moved to El Paso County.

Plaintiff asserts that venue is proper in El Paso County under CIV. PRAC & REM. CODE 15.002(a)(4) because Plaintiff currently resides in El Paso County. However, the county in which the Plaintiff resided at the time of the accrual of the cause of action is only considered when 15.002(a)(1), (2), and (3) do not apply. *See* TEX. CIV. PRAC. & REM. CODE §§ 15.002(a)(4); 15.002(a)(1) (county which substantial part of the events or omissions occurred), (2) (county of individual defendant's residence), (3) (county of defendant's principal office in this state). In the instant matter, 15.002(a)(1) clearly applies to control venue and, as such, 15.002(a)(4) is not implicated.

Defendants specifically deny Plaintiff's venue facts as recited in his Original Petition. In particular, Defendants specifically deny that Plaintiff resided in El Paso County at the time of the accrual of his causes of action. TEX. R. CIV. P. 87(3)(a). In fact, Plaintiff concedes in his Original Petition that he did not move to El Paso County until after his employment ended and therefore was not a resident of El Paso County when the causes of action allegedly accrued. Therefore, even under the Plaintiff's theory of venue asserted in his Petition (which is inapplicable), venue is not proper in El Paso County. *See* TEX. CIV. PRAC. & REM. CODE § 15.002(a)(4). No events relevant to this lawsuit occurred in El Paso County.

The general venue rule requires transfer to Williamson County, Texas. Accordingly, Defendants request that this action be transferred to Williamson County, Texas, where proper venue lies in this case. CIV. PRAC. & REM. CODE 15.002(a)(1).

## II.      General Denial

Defendants invoke the provisions of Rule 92, Texas Rules of Civil Procedure, and hereby exercise their legal rights to require Plaintiff to prove all of the allegations contained in his pleading, if Plaintiff can so prove them, which is denied.   Accordingly, Defendants deny generally the allegations of Plaintiff's pleading and demand strict proof thereof by a preponderance of the evidence.

## III.      Defenses

Pleading further, if further answer is necessary, Defendants plead the defenses of misidentification and misnomer because Plaintiff has failed to name the correct party to this lawsuit.  Plaintiff was employed by FedEx Freight, Inc. at all relevant times.

In addition, Defendants also require that Plaintiff prove certain losses, if any, in accordance with Section 18.091 of the Texas Civil Practice and Remedies Code.

Pleading further, Defendants assert that Plaintiff has failed to mitigate his damages and affirmatively plead failure to mitigate as an affirmative defense to Plaintiff's claims for damages.

Defendants also assert that Plaintiff's claims are jurisdictionally barred by his failure to properly exhaust his administrative remedies thereby depriving the court of jurisdiction of his claims and failing to state a claim for which the court can grant relief.

Pleading further, as a specific defense, Defendants assert that there is no subject matter jurisdiction with respect to any action that occurred more than 300 days before Plaintiff filed his applicable charge of discrimination or any action that occurred more than two years before Plaintiff filed this lawsuit because such claim would be time barred.

Defendants also plead that Plaintiff's claims are barred because he resigned his employment with Fed Ex Freight, Inc. and as such, did not suffer an adverse or tangible employment action as required by Texas law.

Pleading further, under Texas law, the sum of the amount of compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses and the amount of punitive damages are capped and Plaintiff's claims are limited by the applicable damage cap.  TEX. LAB. CODE 21. 2585.

## IV.    Conclusion and Prayer

WHEREFORE, PREMISES CONSIDERED, Defendants FedEx Freight Services, Inc., a/k/a FedEx Corporate Services, Inc., a/k/a FedEx Corporation pray the Court transfer this case to Williamson County, the county of proper venue, and that upon trial hereof, Plaintiff recover nothing and that Defendants recover costs and for such other and further relief as they may show themselves justly entitled.

Respectfully submitted,

/s/ Scott F. DeShazo
Scott F. DeShazo
  State Bar No. 24011414
sdeshazo@dnaustin.com
Rachel L. Noffke
  State Bar No. 24007754
rnoffke@dnaustin.com
DeShazo & Nesbitt L.L.P.
809 West Avenue
Austin, Texas  78701
512/617-5560
512/617-5563 - Fax

**COUNSEL FOR DEFENDANTS**
**FEDEX FREIGHT SERVICES, INC. a/k/a**
**FEDEX CORPORATE SERVICES, INC. a/k/a**
**FEDEX CORPORATION**

## CERTIFICATE OF SERVICE

I certify the foregoing document has been served on the following counsel of record via facsimile and/or electronic service on the 8th day of December, 2014.

Soraya Yanar Hanshew
The Hanshew Law Firm, PLLC
632 Moondale Dr.
El Paso, Texas  79912
Fax: (915) 996-9907

/s/ Scott F. DeShazo
Scott F. DeShazo

5

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search Back

Location : All Courts   Help

# REGISTER OF ACTIONS
## CASE NO. 2014DCV3433

| JESUS PARRA vs. FEDEX FREIGHT SERVICES, INC. | § § § § § | Case Type: **Wrongful Termination**<br>Date Filed: **10/28/2014**<br>Location: **County Court at Law 3** |
|---|---|---|

---

### PARTY INFORMATION

| | | | **Lead Attorneys** |
|---|---|---|---|
| **Defendant** | **FEDEX FREIGHT SERVICES, INC.** *Also Known As* **FedEx Corporate Services, Inc.** *Also Known As* **FedEx Corporation** | | |
| **Plaintiff** | **PARRA, JESUS** | | **SORAYA YANAR HANSHEW**<br>*Retained*<br>915-491-6181(W) |

---

### EVENTS & ORDERS OF THE COURT

| | | | |
|---|---|---|---|
| | **OTHER EVENTS AND HEARINGS** | | |
| 10/28/2014 | **Original Petition (OCA)**     Doc ID# 1 | | |
| 10/28/2014 | **Case Information Sheet**     Doc ID# 2 | | |
| 10/28/2014 | **E-File Event Original Filing** | | |
| 11/07/2014 | **Citation** | | |
| | FEDEX FREIGHT SERVICES, INC. | Served<br>Returned | 11/13/2014<br>11/26/2014 |
| 11/26/2014 | **Affidavit of Service**     Doc ID# 3 | | |
| 12/08/2014 | **Motion**     Doc ID# 4 | | |