IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JESUS PARRA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| FEDEX FREIGHT SERVICES, INC., | § | CIVIL ACTION NO: 3:14-CV-00459-FM |
| a/k/a FEDEX CORPORATE | § | |
| SERVICES, INC., a/k/a | § | |
| FEDEX CORPORATION, | § | |
|     Defendant. | | |

**DEFENDANT'S MOTION FOR INTRA-DISTRICT TRANSFER OF VENUE**

COMES NOW FedEx Freight Services, Inc., a/k/a FedEx Corporate Services, Inc., a/k/a FedEx Corporation, Defendant,[1] in the above-styled and numbered cause and makes this Motion for Intra-District Transfer of Venue pursuant to 28 U.S.C. § 1404 seeking transfer to the Austin Division, and would respectfully show the following:

**I.**

Nothing in this employment discrimination case occurred in El Paso County, Texas. This case was filed by Plaintiff in El Paso County solely because Plaintiff moved to El Paso **after** his employment with Fed Ex Freight, Inc. ended. *See Plaintiff's Original Petition*. Plaintiff's claims allegedly occurred while he was employed with FedEx Freight, Inc. as a City Driver. Specifically, at all relevant times with regard to the claims made in this lawsuit, Plaintiff worked at the FedEx Freight, Inc. Service Center located at 2500 Chisolm Trail, Round Rock, Texas, 78681 and resided in Leander, Williamson County, Texas. *See* Exhibit, affidavit of William McCullough. Only

---

[1] As stated in Defendant's Notice of Removal, Defendant FedEx Freight Services, Inc. is not a correctly named Defendant. Defendant maintains that the proper party to this action is FedEx Freight, Inc. as Plaintiff was employed by FedEx Freight Inc. at all relevant times.

1

sometime after his employment ended did Plaintiff move to El Paso County and file this lawsuit. *See* Plaintiff's Original Petition.

Plaintiff brought this action in state court in El Paso County Court at Law No. 3. On December 16, 2014, within 30 days of service, Defendant filed its Notice of Removal removing the case to the El Paso Division of the Western District of Texas. Within one week of filing its Notice of Removal, Defendant hereby seeks an intra-district transfer of this case to a clearly more convenient venue.

## II.

"The venue transfer statute provides: 'For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented. The § 1404(a) factors apply as much to transfers between divisions of the same district as to transfers from one district to another. *See In re Radmax, Ltd.*, 720 F.3d 285, 287-88 (5th Cir. 2013) (citing 28 U.S.C. § 1404(a)).

"A motion to transfer venue pursuant to § 1404(a) should be granted if 'the movant demonstrates that the transferee venue is clearly more convenient,' taking into consideration (1) 'the relative ease of access to sources of proof'; (2) 'the availability of compulsory process to secure the attendance of witnesses'; (3) 'the cost of attendance for willing witnesses'; (4) 'all other practical problems that make trial of a case easy, expeditious and inexpensive'; (5) 'the administrative difficulties flowing from court congestion'; (6) 'the local interest in having localized interests decided at home'; (7) 'the familiarity of the forum with the law that will govern the case'; and (8) 'the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law. *See id.* (citing *In re Volkswagen of Am., Inc. ("Volkswagen II")*, 545 F.3d 340, 311(5th Cir. 2008)).

"Though the above [analysis] is similar to the standard in the *forum non conveniens* context, § 1404(a) requires a lesser showing of inconvenience." *McCoy v. Wells*, 2014 U.S. Dist. Lexis 154705, *5 (W.D. Tex. 2014) (citing *Volkswagen II*, 545 F.3d at 314). "As such, the movant need not show the [] factors substantially outweigh the plaintiff's choice of venue – it is enough to show the new venue is clearly more convenient than the original one." *See id*. In addition, while plaintiff's choice of venue should be respected, "when a plaintiff is not a resident of the chosen forum, *or the operative facts underlying the case did not occur in the chosen forum*, the court will not give as much deference to a plaintiff's choice." *See id*. at *5-6 (emphasis added).

It is undisputable that the present case could have been brought in the Austin Division as Defendant "resided"[2] in this division and because a substantial part of the events or omissions giving rise to the claim occurred in the Austin Division. *See* 28 U.S.C. § 1391(b). In addition, applying these eight factors in the present case supports Defendant's contention that the Austin Division is clearly a more convenient venue than the El Paso Division. In fact, the only connection that the El Paso Division has to this case is that Plaintiff moved to El Paso <u>after</u> he terminated his employment with FedEx Freight, Inc.

**A. The relative ease of access to sources of proof supports transfer to the Austin Division.**

The Fifth Circuit has recognized that this factor questions the relative ease of access not the absolute ease of access. *See In re Radmax*, 720 F.3d at 288. In the present case, Plaintiff has made allegations concerning employment discrimination that occurred while he was employed with FedEx Freight, Inc. in Williamson County. All of the documents and physical evidence, including Plaintiff's employment records, are located in Williamson County. *See* Exhibit A. Any

---

[2] "[A]n entity . . . shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question…." *See* 28 U.S.C. § 1391(c).

alleged discrimination would have taken place where Plaintiff worked or resided – Williamson or Travis County. *See id*. No evidence other than documents Plaintiff may have transported to El Paso after the alleged incidents occurred exists in El Paso County. As the *Radmax* Court concluded, "because 'all of the documents and physical evidence' are located in the [Austin] Division, this factor 'weighs in favor of transfer.'" *See id*. Thus, ease of access to sources of proof supports transfer to the Austin Division.

**B. The availability of compulsory process to secure the attendance of witnesses supports transfer to the Austin Division.**

It is expected that the majority of the witnesses in this case will consist primarily of Plaintiff and Defendant's employees and/or corporate representatives. Because Plaintiff was employed in Williamson County, it is expected that almost all of the witnesses reside in Williamson, Travis, or Comal County, within the subpoena power of the Austin Court. *See* Exhibit A. Specifically, Defendant expects that the relevant employee witnesses will include: William McCullough (Austin Service Center Manager) (received Plaintiff's numerous complaints and was the subject of his complaints, lives in Austin, Texas); Tim Springer (Operations Supervisor; gave out work assignments to Plaintiff, lives in Georgetown, Texas); Eric Peterson (City Dispatcher during Plaintiff's employment, gave Plaintiff work assignments, lives in Liberty Hill, Texas); Irene French (HR Advisor, conducted investigation of Plaintiff's complaints, lives in New Braunfels, Texas). *See* Exhibit A.

That said, Defendant recognizes that at least one court has held that party witnesses are not afforded the most weight when discussing the availability of compulsory process. *See ADS Sec. L.P. v. Advanced Detection Sec. Servs.*, 2010 U.S. Dist. LEXIS 27903, *11 (W.D. Tex. 2010) ("it is the convenience of non-party witnesses which is accorded the most weight.") Aside from party witnesses, the following witnesses who are no longer employed with Defendant will also likely

serve as witnesses: Chris Knight (former Operations Manager, involved in several of Plaintiff complaints, lives in New Braunfels, Texas); Chris Wright (former Operations Supervisor/City Dispatcher, assigned routes to employees, lives in Victoria, Texas); Thomas Thornburg (former Operations Supervisor, subject of many complaints made by Plaintiff including allegation of racial slur, lives in Georgetown, Texas). *See* Exhibit A. Two of these non-party witnesses are within the subpoena power of the Austin Court but not the El Paso Court. And, for the third witness living in Victoria, Texas, the Austin Division is approximately 540 miles closer than the El Paso Division.

Defendant would expect that all of these witnesses' testimony would be necessary to the investigation and litigation of this case as they would have relevant first-hand knowledge regarding the veracity of the allegations Plaintiff is making. And, some of these witnesses allegedly committed the discrimination of which Plaintiff complains. Therefore, the availability of compulsory process to secure the attendance of witnesses weighs in favor of transfer to the Austin Division.

**C. The cost of attendance for willing witnesses supports transfer to the Austin Division.**

"When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *See In re Radmax*, 720 F.3d at 289 (citing *Volkswagen II*, 545 F.3d at 317). The Austin Court and the El Paso Court are approximately 576 miles apart, spanning the width of the Western District. If the case remains with the El Paso Court, the inconvenience to the witnesses residing in Williamson, Travis, Comal, and Victoria County will be significant. (As discussed in Section II(B) above, there are seven likely witnesses that

5

reside in those counties). The only witness residing in El Paso is the Plaintiff. Accordingly, the cost of attendance of willing witnesses also weighs in favor of transfer to the Austin Division.

### D. All other practical problems that make trial of a case easy, expeditious and inexpensive

Garden-variety delay associated with transfer is not to be taken into consideration when ruling on a § 1404(a) motion to transfer. *See id.* Notably, neither the parties nor this Court have undertaken any substantive matters in this proceeding. Defendant moved for transfer of venue within a week of removing the case to federal court. Indeed, Defendant was served with process approximately 35 days prior to filing this motion. Moreover, there does not appear to be anything about trying the case in El Paso County that would make it easy, expeditious or inexpensive. Therefore, there are no practical problems that would prevent transfer of the case to the Austin Division.

### E. The administrative difficulties flowing from court congestion

Defendant is unaware of any specific administrative difficulties that would arise from transferring this case to Austin rather than retaining the case in El Paso. A review of the division statistics available on the Western District's website shows that the El Paso Court has had twice as many filings as the Austin Court (considering both civil and criminal cases), but also that El Paso has more district judges to carry this burden. *See* http://www.txwd.uscourts.gov/General/Statistics/pub_txwd_fy2014.pdf. There is nothing to suggest, however, that it would be a prudent use of judicial resources for the El Paso Court to resolve a dispute that has no real connection to the forum.

**F. The local interest in having localized interests decided at home supports transfer to the Austin Division.**

The Austin Division obviously has more local interest in this case than the El Paso Division, as all the alleged events giving rise to the claim occurred within Travis and Williamson County. Accordingly, this factor weighs in favor of transfer to the Austin Division.

**G. The familiarity of the forum with the law that will govern the case**

Both the El Paso Division and Austin Division are equally capable of applying the relevant law applicable in this case. This factor is neutral.

**H. The avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law**

There are no alleged facts in the present case which would indicate that a transfer would present a conflict of law or require application of a foreign law. Therefore, this factor has no bearing on the transfer analysis.

### III.

It is indisputable that this case could have been properly brought in the Austin Division as a substantial part of the events or omissions giving rise to the claim occurred in the Austin Division. *See* 28 U.S.C. § 1391. In addition, at least four of the § 1404(a) factors favor transfer, and the remaining factors are neutral and have no bearing on the transfer analysis. Thus, Defendant has demonstrated that the Austin Division is clearly the more convenient venue and Defendant's motion to transfer should be granted.

WHEREFORE, PREMISES CONSIDERED, Defendant FedEx Freight Services, Inc., a/k/a FedEx Corporate Services, Inc., a/k/a FedEx Corporation prays the Court grant this motion and transfer this case to the Austin Division of the Western District, and that upon trial hereof,

Plaintiff recover nothing and that Defendant recover costs and for such other and further relief as they may show themselves justly entitled.

Respectfully submitted,

**DESHAZO & NESBITT, LLP**

By: <u>Scott F. DeShazo</u>
    Scott F. DeShazo
    State Bar No. 24011414
    sdeshazo@dnaustin.com
    Thomas A. Nesbitt
    State Bar No. 24007738
    tnesbitt@dnaustin.com
    Rachel Noffke
    State Bar No. 24007754
    rnoffke@dnaustin.com
    DESHAZO & NESBITT, LLP
    809 West Avenue
    Austin, Texas 78701
    (512) 617-5560 - Telephone
    (512) 617-5563 – Facsimile
    **COUNSEL FOR DEFENDANT**
    **FEDEX FREIGHT SERVICES, INC.**
    **a/k/a FEDEX CORPORATE SERVICES,**
    **INC. a/k/a FEDEX CORPORATION**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of this document was served on the following known Filing Users through the NEF, on this 19th day of December, 2014:

Soraya Yanar Hanshew
The Hanshew Law Firm, PLLC
632 Moondale Dr.
El Paso, Texas 79912
Fax: (915) 996-9907

                <u>/s/ Scott F. DeShazo</u>
                Scott F. DeShazo