UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
EL PASO COUNTY DIVISION

| | |
|---|---|
| JESUS PARRA, | § |
| *Plaintiff*, | § |
| v. | § CIVIL ACTION NO. 3:14-CV-00459-FM |
| FEDEX FREIGHT SERVICES, INC., a/k/a FEDEX CORPORATE SERVICES, INC., a/k/a FEDEX CORPORATION; | § |
| *Defendant*. | § |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR
INTRA-DISTRICT TRANSFER OF VENUE**

**I.    INTRODUCTION**

Plaintiff is JESUS PARRA, (herein, "Plaintiff"); Defendant is FedEx Freight Services, Inc. a/k/a FEDEX CORPORATE SERVICES, INC. a/k/a FEDEX CORPORATION (herein, "FEDEX" and/or "Defendant").

Plaintiff sued Defendant in El Paso County Court to remedy discrimination on the basis of his national origin (Hispanic) in the terms, conditions, and privileges of employment as is provided for in the Texas Commission on Human Rights Act of 1983 (TCHRA), *as amended*, TEX. LAB. CODE ANN. § 21.001, *et seq.*, as well as, pursuant to protections afforded to Plaintiff by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.

Plaintiff also sued Defendant to remedy discrimination of Plaintiff's disability in the terms, conditions, and privileges of his employment, including the right to be reasonably accommodated, as is provided for in the Texas Commission on Human Rights Act of 1983 (TCHRA), *as*

*amended*, TEX. LAB. CODE ANN. § 21.001, *et seq.*, as well as the American with Disabilities Act, *as amended,* 42 U.S.C. Ch. 126 §12101 *et seq*.

Plaintiff's suit was brought for damages, including but not limited to, prospective injunctive relief to remedy discrimination on the basis of disability in the terms, conditions, and privileges of employment as is provided for in the American with Disabilities Act, *as amended,* 42 U.S.C. Ch. 126 §12101 *et seq.* and the ADA Amendments Act of 2008, as well as all other compensatory, pecuniary and punitive relief and damages available to Plaintiff under the laws stated herein.

On December 16, 2014, Defendant FEDEX filed a Notice of Removal of Plaintiff's aforesaid Original Petition. Defendant removed Plaintiff's suit to the Western District of Texas, El Paso Division. Defendant removed Plaintiff's suit to the Western District citing therein in Defendant's Notice of Removal, that the "case is properly removed to the El Paso Division of the Western District of Texas as it is the district and division within which such action is pending. *See* 28 U.S.C. §1446." Def.'s Notice of Removal 2.

Only three days later, Defendant contradicts itself and files a Motion for Intra-District Transfer, and requests this Court transfer the suit to the Austin Division, after Defendant previously rightfully removed the suit to the El Paso Division of the Western District of Texas.

Plaintiff, by his attorney, respectfully opposes Defendant's Motion for Intra-District Transfer of Venue (hereafter "Motion"), herein responds to the same, and respectfully shows the following:

## II. LEGAL ARGUMENT

Defendant moves to transfer the present case to the Austin Division pursuant to 28 USC § 1404. Defendant specifically argues that the present forum has suddenly become inconvenient, three days after Defendant removed Plaintiff's original suit to the Western District of Texas, El Paso Division,

therein claiming this district and division was the proper place for this suit. In direct contradiction to its own original removal, FEDEX now claims the Austin Division would be a more convenient forum for Defendant. Mot. at 2. Notwithstanding the fact Defendant's present argument contradicts its own removal three days prior, FEDEX fails to establish the requisite showing necessary for this Court to request a transfer. First, Defendant ignores the fact Plaintiff's choice of forum is the standard for venue against national corporations.[1] Only if the factors listed in 28 USC § 1404 outweigh such choice of forum, may a Court transfer a suit intra-district.[2]

Second, Defendant's Motion, in its conclusory fashion, claims the Austin Division would be more convenient because Plaintiff's personnel file is with Defendant in Round Rock, Texas. Mot. at 3-4. Plaintiff's underlying suit does not involve a personal injury or the site of an accident, thus the physical locale of suit in regards to evidence is irrelevant. The underlying employment suit will be tried solely on testimony provided by witnesses and the prior investigation conducted by the Equal Employment Opportunity Commission (herein, "EEOC") regarding Plaintiff's claims of discrimination. All documents related to the EEOC investigation will be produced by the agency to the Plaintiff in El Paso, Texas. As such, relevant documents exist in both locales, making Defendant's claim for transfer in this regard invalid.

Defendant further argues convenience premised on the fact a list of alleged witnesses live

---

[1] "When no special, restrictive venue statute applies, the general venue statute, 28 U.S.C. § 1391, controls a plaintiff's choice of venue. Under § 1391(a)(1), a diversity action may be brought in 'a judicial district where any defendant resides, if all defendants reside in the same State.' Under § 1391(c), when a suit is filed in a multi-district state, like Texas, a corporation is 'deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State.' Because large corporations, like Volkswagen, often have sufficient contacts to satisfy the requirement of § 1391(c) for most, if not all, federal venues, the general venue statute 'has the effect of nearly eliminating venue restrictions in suits against corporations.' 14D Wright, Miller & Cooper, *Federal Practice & Procedure* § 3802 (3d ed.2007) (noting also that, because of the liberal, general venue statute, 'many venue disputes now are litigated as motions to transfer venue under Section 1404 of Title 28')." *In re Volkswagen of Am., Inc. ("Volkswagen II"),* 545 F.3d 304, 318–19 (5th Cir.2008) (en banc).

[2] "The moving party must show that transfer of venue is clearly more convenient; otherwise, a plaintiff's choice of venue must be respected. 28 U.S.C.A. § 1404(a)." *Zurich American Ins. Co. v. Tejas Concrete & Materials Inc.*, 982 F.Supp.2d 714 (W.D.Tex.,2013).

in the Austin area (not actually in the city of Austin proper), yet only produces an affidavit from one such witness. Further, Defendant claims as a basis for transfer, the location of three (3) additional witnesses who are no longer in Defendant's control, and whose current location is in fact unknown to Defendant. Defendant simply relies on such ex-employees' prior forwarding address, dating back to their original employment with Defendant, which no longer applies. With that taken into consideration, Defendant bases its entire premise of witness availability on the fact four (4) of its current employees live in the Austin area (therein only producing an affidavit from one such employee). Again, Defendant ignores the fact Plaintiff lives in El Paso County, and several of Plaintiff's witnesses who will testify to the damages suffered by Plaintiff as a result of his termination by Defendant also live in El Paso County. Plaintiff and his friends and family who are located in El Paso, all of who will be called to testify at Plaintiff's trial (inclusive of possibly two ex-employees of FEDEX who are in the process of relocating to the Southwest and/or El Paso), clearly outnumber the singular witness produced via affidavit by Defendant for purposes of FEDEX's Motion. Mot. Ex. A.

Additionally, Defendant claims an ease of access dictates intra-district transfer based on administrative factors regarding the courts in question. Defendant fails in this regard as well to establish a basis for transfer which trumps Plaintiff's chosen forum and Defendant's original choice of forum upon removal. Clearly, Defendant has not carried its burden in establishing that transfer is appropriate. Plaintiff shows herein that each factor listed by Defendant as a basis for its requested transfer fails to submit sufficient evidence to this Court to necessitate such a transfer to the Austin Division.

    **A.**     **Defendant's claim for alleged ease of access of evidence fails**

Defendant's Motion claims to require transfer of the present suit due to Plaintiff's personnel records

being held by Defendant in Round Rock, Texas. As Plaintiff notes above, Plaintiff will receive documents produced by the EEOC regarding the agency's investigation of Plaintiff's charge of discrimination against Defendant. Those documents, alongside any documents Plaintiff has compiled from his prior employment exist in El Paso County, with Plaintiff. Accordingly, documents which are relevant exist in both venues. When this occurs, this factor is not weighed in favor of transfer.

"Where important documents are located in both venues, this factor does not weigh in favor of transfer. *See Metromedia Steakhouses Co. v. BMJ Foods P.R.,* Cv. No. 3:07–CV–2042–D, 2008 WL 794533, at 3 (N.D.Tex. Mar. 26, 2013) (concluding that factor was neutral because documents were located in both venues). 'Thus, because relevant documents and other evidence are located in both this district and the Southern District, the Court concludes this factor is neutral and does not weigh in favor of transfer." *Zurich American Ins. Co. v. Tejas Concrete & Materials Inc.*, 982 F.Supp.2d 714, 725 (W.D.Tex., 2013). Plaintiff notes that Defendant FEDEX is in the business of transporting items, inclusive of records, and has a facility in El Paso, Texas. It will be far easier for Defendant, with its vast resources, to provide documents to Plaintiff from its locale than it will be for Plaintiff to provide such documentation to Defendant in Round Rock, Texas. This is especially true considering Plaintiff was left indigent following the discrimination by Defendant. Accordingly, Defendant fails to establish a basis for a venue on this prong of analysis since documentation exists in both locales.

  **B. Defendant fails to establish that the availability of compulsory process to secure the attendance of witnesses (or cost thereof) supports transfer to the Austin Division**

As noted above, Defendant alleges that the majority of witnesses pertinent to the present suit are located in Austin, Texas. Defendant makes a conclusory statement with no factual proof of the same. Defendant in fact only presents a singular witness affidavit which only confirms the location of that witness in Round Rock, Texas, and the location of three other witnesses in

separate cities each respectively (28) twenty-eight, (35) thirty-five, and (49) forty-nine miles outside Austin, Texas. Plaintiff notes that each of these aforesaid witnesses are current employees of FEDEX, and thus questions whether they would require the compulsory process at all. Nevertheless, the presentation of four current FEDEX employees does not suffice to establish a basis for transfer in light of the fact more than four (4) witnesses are located in El Paso, Texas. Plaintiff will be calling friends and family to testify, as well as several ex-employees, one of which is relocating to El Paso, Texas, and another who is in Phoenix, Arizona (closer to the El Paso Division than the Austin Division).

Defendant adds three ex-employees to its list of possible witnesses who supposedly are located around Austin, Texas, but fails to provide current addresses for such employees and erroneously relies on prior addresses which were existent only while such employees were still employed by FEDEX. Such listed employees must be disregarded in light of Defendant failing to provide current verified addresses for such employees.

Given the legal standard applicable to 28 U.S.C. § 1404(a), Defendant's claim that the majority of witnesses reside in Austin, Texas, is in fact incorrect and does not provide a sufficient basis for this Court to grant the relief sought. *See Plum Tree, Inc. v. Stockment,* 488 F.2d 754, 756-57 (3d Cir. 1973)(invalidating transfer ordered lacking sufficient factual and legal basis).

It is well established that the movant, in this case Defendant, when seeking transfer pursuant to §1404 must meet the burden of establishing an entitlement to the same. *In re Volkswagen of Am.,* 545 F.3d 304, 315 (5th Cir. Tex. 2008)(declaring "moving party . . . must satisfy the statutory requirements and clearly demonstrate that a transfer is [f]or the convenience of parties and witnesses, in the interest of justice" (internal quotation marks omitted)). Citing four current employees as Defendant's primary basis for its Motion for transfer

is unsupportable factually and legally, especially since it is clear from these facts that Defendant firstly, does not actually know where three of its seven listed witnesses are located, and thus secondly, may not state whether or not such witnesses would be available for trial in El Paso or whether the four verified current employees would require compulsory attendance at a such a trial. The only actually identified and located witnesses are employees of Defendant, and as such, can be compelled without a subpoena. It is clear the facts and law presented by Defendant do not demonstrate that Austin is a more appropriate venue than is El Paso.[3]

Further, transferring venue to Austin will simply shift the burden of travel for witnesses from Defendant (a national company) to Plaintiff, a singular individual. When this shift occurs the Court rejects a favor towards transfer. "Although a defendant can assert that the cost of obtaining the attendance of witnesses will be substantially less in the forum it proposes, courts recognize that the chosen forum is rarely the least expensive venue for every individual affiliated with the case. *Bevil v. Smit Ams., Inc.,* 883 F.Supp. 168, 171 (S.D.Tex.1995). Again, given that there are likely a substantial number of witnesses in both the Western District of Texas and the Southern District of Texas, 'the only practical effect' of transfer would be to impermissibly 'shift inconvenience from the moving party to the non-moving party.' *See Rizvi,* 2010 WL 2949311, at 10. Accordingly, the Court concludes this factor does not weigh in favor of transfer." *Id.* 982 F.Supp.2d at 726 -727 (W.D.Tex.,2013).

---

[3] "Ballenger, Sr. fails, however, to identify any such 'unwilling witnesses' and his assertion is belied by the fact that a *third* of the Projects were located in the Western District of Texas. *See Kimberly–Clark Worldwide, Inc. v. First Quality Baby Prods., LLC.,* Cv. No. 3:09–CV–0488–D, 2009 WL 2634860, at *5 (N.D.Tex. Aug. 26, 2009) ('[Defendant] has not identified any witnesses from whom compulsory process will be needed. It admits that this factor is at best neutral.'). Furthermore, Federal Rule of Civil Procedure 45(b)(2) governs the places where a subpoena may be served. The Court's subpoena power is subject to Rule 45(c)(3), which protects non-party witnesses who live or work more than 100 miles from the courthouse. *Volkswagen II,* 545 F.3d at 304 (explaining that any 'trial subpoenas for these witnesses to travel more than 100 miles would be subject to motions to quash under Fed.R.Civ.P. 45(c)(3)'). However, under Rule 45(c)(3)(C), a subpoena requiring a witness to travel more than 100 miles is still valid if the issuing party shows a substantial need for the testimony and ensures that the witness will be reasonably compensated." *Zurich American Ins. Co. v. Tejas Concrete & Materials Inc.*, 982 F.Supp.2d 714, 726 (W.D.Tex.,2013).

The Western District of Texas has previously denied a similar request for transfer where the Defendant made vague references to "material witnesses," offering no clue as to who those witnesses might be or what testimony they might offer.[4] The Court viewed with disfavor "speculat[ion] as to witnesses who may refuse to testify due to the current forum." *Id.* at *5. From the affidavits provided, Defendant offers no insight as to whether witnesses may refuse to testify at trial, nor does it address the efficacy of alternative means of securing their testimony, such as depositions[5], that would permit a jury to hear such testimony. *See id.*

### C. Alleged administrative difficulties resulting from court congestion and local interest

Defendant mentions in its Motion that the El Paso Division has twice as many cases as the Austin division, but notes that there are substantially more district judges within the El Paso Division than Austin "to carry this burden." Mot. at 6. The Western District's statistics for 2014 actually reflect a lesser number of cases per district judge in the El Paso Division versus the Austin Division (if the total number of cases is divided equally in each venue per the district judges within the division). Further, these statistics note that Austin carried a total of 1,092 civil cases compared to the El Paso Division's 457 civil cases. *See* http://www.txwd.uscourts.gov/General/Statistics/pub_txwd_fy2014.pdf. Looking at these statistics, it is clear El Paso is a more preferable venue for this matter premised on such numbers alone. Without a doubt, these numbers refute any argument for transfer to a more congested division.

---

[4] "This Court has found such 'unsupported assertion' that witnesses are located inconveniently inadequate to justify transfer, and instead requires the moving party to clearly identify the material witnesses and indicate generally the witness's anticipated testimony. *Farmers Select, LLC v. United Motor Freight, Inc.,* 2008 U.S. Dist. LEXIS 104564, 12 (W.D. Tex. Dec. 19, 2008) (internal quotations omitted) (finding that movant's 'blanket statement that trying the case in the Western District of Washington would be more efficient and less expensive, due to the aforementioned availability of witnesses and documents, does not rise to good cause without a more thorough accounting')."

[5] "This Court has previously noted that "a two hour plane ride…does not amount to an extraordinary burden on these [non-party] witnesses to justify a transfer of the case." *Petro Stopping Ctrs. v. Great-West Life & Annuity Ins. Co.,* 2002 U.S. Dist. LEXIS 26020, 6 (W.D. Tex. Nov. 15, 2002).

Defendant also attempts to claim the El Paso division "has no real connection" to the dispute. Mot. at 6. Defendant further states that the Austin division "obviously has more local interest in the case." *Id.* Neither of these statements is substantiated with anything other than the blanket statement made by Defendant. Plaintiff is originally from El Paso and is now employed and residing in El Paso. FEDEX has a site in El Paso, and a corporate presence in our city. Accordingly, El Paso absolutely has an interest in this matter. It is clear both communities have an interest in this matter. As such, this prong does not weigh in favor of transfer. "While a number of the construction projects were also located in the Southern District of Texas and that district undoubtedly has an interest in the resolution of the case, this simply means that the communities located in both jurisdictions have an interest in deciding the instant case. Because both forums have a local interest, however, this factor is neutral and does not weigh in favor of transfer." *Zurich American Ins. Co. v. Tejas Concrete & Materials Inc.*, 982 F.Supp.2d at 728 (W.D.Tex.,2013).

### III. CONCLUSION

Defendant does not raise any other possible prongs of evaluation from 28 USC § 1404. Defendant does not contest there are any practical problems raised regarding venue, and it concedes familiarity of the forum is neutral, as is possible conflict of laws. As Defendant has neither performed the substantive legal argument necessary to determine if a transfer is appropriate, nor has it carried the burden of establishing transfer is appropriate, this Court is respectfully asked to deny the Defendant's Motion for Intra-District Transfer.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays the Court deny Defendant's Motion for Intra-District Transfer and to grant Plaintiff such other and further relief at law or in equity, as deemed necessary and proper.

Respectfully submitted,
The Hanshew Law Firm, PLLC
**Soraya Yanar Hanshew, Esq.**
632 Moondale Dr.
El Paso, Texas 79912
syhlaw@outlook.com
(915) 491-6181 Telephone
(915) 996-9907 Facsimile

_____
SORAYA YANAR HANSHEW
State Bar No. 24047151

**ATTORNEY FOR PLAINTIFF**

## CERTIFCATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on Defendant via electronic filing pursuant to CM/ECF procedures by and through its attorney of record:

> Scott F. DeShazo
> State Bar No. 24011414
> sdeshazo@dnaustin.com
> DESHAZO & NESBITT, LLP
> 809 West Avenue
> Austin, Texas 78701
> (512) 617-5560 - Telephone
> (512) 617-5563 – Facsimile
>
> /s/ Soraya Yanar Hanshew
> Soraya Yanar Hanshew