IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JESUS PARRA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| FEDEX FREIGHT SERVICES, INC., | § | CIVIL ACTION NO: 3:14-CV-00459-FM |
| a/k/a FEDEX CORPORATE | § | |
| SERVICES, INC., a/k/a | § | |
| FEDEX CORPORATION, | § | |
| Defendant. | | |

**<u>DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR INTRA-DISTRICT TRANSFER OF VENUE</u>**

COMES NOW FedEx Freight Services, Inc., a/k/a FedEx Corporate Services, Inc., a/k/a FedEx Corporation, Defendant,[1] in the above-styled and numbered cause and makes this Reply to Plaintiff's Response to Defendant's Motion for Intra-District Transfer of Venue seeking transfer to the Austin Division, and would respectfully show the following:

**I.**

Plaintiff asserts that Defendant's Motion for Intra-District Transfer should be denied but provides no evidence, affidavit, or other proof of any kind in support of its position. Without any evidence, Plaintiff cannot justify the denial of Defendant's Motion as Plaintiff cannot offer any evidence to contradict Defendant's evidence or support his own assertions.

The purpose of transferring venue under § 1404(a) "'is to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805 (1964). That purpose is

---

[1] As stated in Defendant's Notice of Removal, Defendant FedEx Freight Services, Inc. is not a correctly named Defendant. Defendant maintains that the proper party to this action is FedEx Freight, Inc. as Plaintiff was employed by FedEx Freight Inc. at all relevant times.

1

thwarted, however, by maintaining this case in the El Paso Division when all the events giving rise to Plaintiff's allegations occurred within the boundaries of the Austin Division and when the overwhelming majority of the witnesses and documents can be found within the boundaries of the Austin Division.

### A. Procedure to transfer the case to the Austin Division

Plaintiff has mistakenly asserted that Defendant has "contradicted itself" by filing a Motion for Intra-District Transfer after removing the case to the El Paso Division of the Western District. To the contrary, Defendant properly followed the only procedure by which Defendant could have transferred the case to the Austin Division.

As this Court is well aware, 28 U.S.C. § 1441(a) permits removal only "to the district court of the United States for *the district and division* embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). Thus, because Plaintiff originally filed this case in El Paso State Court, Defendant could only initially remove the case to the El Paso Division of the Western District.[2] It is not, as Plaintiff asserts, that the El Paso Division has "suddenly become inconvenient"; rather, only *after* removing the case to the El Paso Division could Defendant then seek an intra-district transfer to the Austin Division. As Defendant has continuously asserted, the location of all parties during the alleged discrimination and the events giving rise to the alleged discrimination occurred within the boundaries of the Austin Division.

### B. Access to evidence

---

[2] This case was improperly filed in El Paso state court in the first instance. The filing of this lawsuit in El Paso violates the general venue provision as provided by TEX. CIV. PRAC. & REM. CODE § 15.002 *et. seq* insofar as the venue statute provides that the proper venue for this case rests in Williamson County (in the territory of the Western District Austin Division). *See* TEX. CIV. PRAC. & REM. CODE § 15.002. In an abundance of caution, Defendants have also filed a Motion to Transfer Venue in the state court.

Plaintiff claims the relevant documents are equally accessible in El Paso and Austin because the documents can be transferred from the Austin EEOC to El Paso. While Defendant recognizes that documents can be transferred from one location to another, Plaintiff nonetheless has conceded that the EEOC documents and all records identified by Defendant through its affidavit are located in or near Austin. And, the only documents Plaintiff identifies as existing in El Paso are "any documents Plaintiff has compiled from his prior employment." However, Plaintiff does not specify what documents these are, how they are at all relevant to the case, or even if "any" such documents exist. Nor has Plaintiff provided any sworn proof identifying these documents, their location, or their existence. Additionally, it is likely that Plaintiff will seek discovery of documents not in the EEOC file but which are also located in Austin. Thus, the *relative ease* of access to sources of proof continues to support transfer to the Austin Division.

**C. Witnesses**

Plaintiff complains that Defendant has not provided sufficient proof of the relevance of the seven witnesses identified in Defendant's affidavit. However, a review of Defendant's affidavit (exhibit A to its initial motion) shows that William McCullough was Plaintiff's supervisor and that the witnesses he identifies (through name and title) worked with Plaintiff and/or were allegedly involved in the allegations of discrimination. *See* Exhibit A to Defendant's Motion for Intra-District Transfer of Venue.

Moreover, Plaintiff provides no argument or evidence controverting Defendant's position that these witnesses have first-hand knowledge regarding the veracity of Plaintiff's allegations or that some of these witnesses allegedly committed the discrimination of which Plaintiff complains. In addition, Plaintiff provides no evidence to show that the last known addresses of the former employees are not valid addresses, and provides no support for its position that last known

addresses constitute insufficient information. *See Rotoworks Int'l Ltd. v. Grassworks USA, LLC*, 2007 U.S. Dist. LEXIS 66505 (W.D. Ark. 2007) (identification for purposes for FRCP 26(b) by name and current or last known address of the individuals is sufficient).

In addition, Plaintiff failed to identify a single witness by name who resides in El Paso in either his response or in any supporting proof. In fact, Plaintiff submitted no evidence of any kind to support his assertion that "four witnesses are located in El Paso, Texas" or who the "friends and family" or former employees are that Plaintiff will call to testify and where they live. And, Plaintiff has not identified how these potential witnesses have any firsthand knowledge of his employment discrimination claims. Plaintiff submits no sworn proof to substantiate any of these assertions.

Furthermore, Plaintiff confuses the analysis of the need for compulsory process and - convenience of the witnesses. For the former employees identified by Defendant, compulsory process may be necessary, and the Austin Division will have subpoena power over most of these individuals. At this initial stage of litigation, Defendant cannot be held to determine whether a witness will or will not require compulsory process. Therefore, the availability of compulsory process to secure the attendance of witnesses weighs in favor of transfer to the Austin Division.

But for both current and former employees and every witness identified *by name and by affidavit*, convenience weighs in favor of the Austin Division. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 317 (5th Cir. 2008) (considering the cost of attendance for willing witnesses). "Witnesses not only suffer monetary costs, but also the personal costs associated with being away from work, family, and community." *See id*. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *See id*. "[I]t is an 'obvious conclusion' that it is more convenient for witnesses to testify

4

at home and that "[a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." *See id*.

The El Paso Division is approximately 576 miles from the Austin Division where all of the events giving rise to Plaintiff's allegations occurred. Transferring the case to the Austin Division would clearly alleviate the burden to a greater degree for all of the identified witnesses (except for the Plaintiff). Accordingly, the cost of attendance of willing witnesses also weighs in favor of transfer to the Austin Division.

## II.

Defendant is a national company with ties to many Texas cities, but by Plaintiff's reasoning, Plaintiff could have filed suit in any Texas city and claim that Plaintiff's choice of venue should be upheld. Plaintiff advocates for a result that he can only assert benefits him and places the entire burden and expense not only on Defendant but on every witness Defendant has identified – all that so Plaintiff can try the case in the forum he moved to **after** he terminated his employment, where none of the events of the case took place and which has no more connection to the case than any other Texas city Plaintiff could have chosen to move to.

Defendant is not required to show that the factors substantially outweigh Plaintiff's choice of venue – "it is enough to show the new venue is clearly more convenient than the original one." *McCoy v. Wells*, 2014 U.S. Dist. Lexis 154705, *5 (W.D. Tex. 2014) (citing *Volkswagen*, 545 F.3d at 314). Defendant has made this showing through its motion and supporting affidavit and Plaintiff has submitted no contrary proof.

WHEREFORE, PREMISES CONSIDERED, Defendant FedEx Freight Services, Inc., a/k/a FedEx Corporate Services, Inc., a/k/a FedEx Corporation prays the Court grant this motion and transfer this case to the Austin Division of the Western District.

Respectfully submitted,

**DESHAZO & NESBITT, LLP**

By: <u>Scott F. DeShazo</u>
    Scott F. DeShazo
    State Bar No. 24011414
    sdeshazo@dnaustin.com
    Thomas A. Nesbitt
    State Bar No. 24007738
    tnesbitt@dnaustin.com
    Rachel Noffke
    State Bar No. 24007754
    rnoffke@dnaustin.com
    DESHAZO & NESBITT, LLP
    809 West Avenue
    Austin, Texas 78701
    (512) 617-5560 - Telephone
    (512) 617-5563 – Facsimile
    **COUNSEL FOR DEFENDANT**
    **FEDEX FREIGHT SERVICES, INC.**
    **a/k/a FEDEX CORPORATE SERVICES,**
    **INC. a/k/a FEDEX CORPORATION**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document was served on the following known Filing Users through the NEF, on this 31st day of December, 2014:

Soraya Yanar Hanshew
The Hanshew Law Firm, PLLC
632 Moondale Dr.
El Paso, Texas 79912
Fax: (915) 996-9907

                        <u>/s/ Scott F. DeShazo</u>
                        Scott F. DeShazo