**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **JESUS PARRA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-14-CV-00459-FM** |
| | § | |
| **FEDEX FREIGHT SERVICES, INC., a/k/a** | § | |
| **FEDEX CORPORATE SERVICES, INC.,** | § | |
| **a/k/a FEDEX CORPORATION,** | § | |
| | § | |
| **Defendant.** | § | |

## ORDER GRANTING DEFENDANT'S MOTION FOR INTRA-DISTRICT TRANSFER OF VENUE

The court has considered "Defendant's Motion for Intra-District Transfer of Venue" ("Motion")
[ECF No. 2], filed December 19, 2014 by Defendant FedEx Freight Services, Inc., a/k/a FedEx Corporate
Services, Inc., a/k/a FedEx Corporation ("Defendant"); Plaintiff Jesus Parra's ("Plaintiff") "Plaintiff's
Response to Defendant's Motion for Intra-District Transfer of Venue" ("Response") [ECF No. 3], filed
December 24, 2014; "Defendant's Reply to Plaintiff's Response to Motion for Intra-District Transfer of
Venue" ("Reply") [ECF No. 4], filed December 31, 2014; and applicable law.

## I. BACKGROUND

Plaintiff is a former employee of Defendant who worked at its Austin, Texas location.[1]  Plaintiff
alleges that during his employment, he was subjected to discrimination on the basis of his national origin
and disability.[2]  After being terminated, Plaintiff moved to El Paso, Texas, where he currently resides.[3]

Following an Equal Employment Opportunity Commission ("EEOC") investigation into his

---

[1] "Defendant's Notice of Removal," Ex. A, "Plaintiff's Original Petition," at 7 ¶ 6, ECF No. 1-1, filed Dec.
16, 2014.

[2] *Id.* at 9–11 ¶¶ 22–30.

[3] *Id.* at 7–8 ¶ 7.

allegations,[4] Plaintiff filed suit against Defendant in El Paso County Court at Law Number Three on October 28, 2014. Plaintiff claims Defendant violated Title VII of the Civil Rights Act of 1964 ("Title VII") and the Texas Commission on Human Rights Act ("TCHRA").[5] Defendant removed the case to this court on December 16, 2014.[6]

Defendant filed its Motion on December 19, 2014, seeking transfer of this case to the Austin Division of the Western District of Texas.[7] Plaintiff responded to the Motion on December 24, 2014, and Defendant replied in support of its Motion on December 31, 2014.

## II.    ARGUMENTS

### A.    Defendant's Arguments

Defendant states that, as all the events giving rise to this suit occurred in the Austin Division, all documents and physical evidence regarding Plaintiff's claims are located in the Austin Division.[8] Defendant further avers the only evidence of Plaintiff's claims existing in the El Paso Division are documents Plaintiff transported to El Paso County.[9] Defendant further argues the availability of compulsory process to secure witnesses' attendance and the cost of attendance for witnesses support transfer to the Austin Division.[10] Finally, Defendant avers the Austin Division has a greater local interest in deciding this case as all events giving rise to it took place in the Austin Division.[11]

---

[4] *Id.* at 11–12 ¶ 39.

[5] *Id.* at 12–16 ¶¶ 41–60.

[6] Def.'s Notice Removal, ECF No. 1.

[7] Mot. 1.

[8] *Id.* at 3.

[9] *Id.* at 4.

[10] *Id.* at 4–6.

[11] *Id.* at 7.

B.      *Plaintiff's Arguments*

Plaintiff argues Defendant's assertion that the Austin Division is a more convenient forum is contradicted by its removal of this case to the El Paso Division.[12]  Plaintiff claims availability of evidence is neutral towards a transfer, as the EEOC will produce relevant documents to Plaintiff, and "any documents Plaintiff has compiled from his prior employment" are currently in the El Paso Division.[13] Regarding compulsory process for securing witnesses' attendance and witnesses' costs of attendance, Plaintiff claims Defendant has failed to adequately support its assertions and, moreover, Plaintiff and several of his witnesses reside in or closer to the El Paso Division.[14]

Plaintiff further avers the lesser number of cases per district judge in the El Paso Division, compared to the Austin Division, favors retention of this case in the El Paso Division.[15]  Finally, Plaintiff claims the El Paso Division does have a local interest in this case as Plaintiff is originally from and now has his residence and employment in El Paso and, furthermore, Defendant has a facility and corporate presence in El Paso.[16]

III.    **APPLICABLE LAW**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer a civil action to any other district or division where it might have been brought."[17]  The party seeking to transfer venue "must show good cause."[18]  To show good cause, the party must satisfy

---

[12] Pl.'s Resp. 2–3.

[13] *Id.* at 4–5.

[14] *Id.* at 3–7.

[15] *Id.* at 8.

[16] *Id.* at 9.

[17] 28 U.S.C. § 1404(a).

[18] *In re Volkswagen of Am., Inc.* (*Volkswagen*), 545 F.3d 304, 315 (5th Cir. 2008) (en banc) (quoting *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963)).

statutory requirements and "clearly demonstrate that a transfer is for the convenience of parties and witnesses, in the interest of justice."[19]

In deciding whether transfer of venue is appropriate, the court should consider private and public interest factors.[20] The Fifth Circuit has enumerated the factors as follows:

> The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.[21]

These factors are not exhaustive, and no factor is dispositive.[22]

## IV.   DISCUSSION

Before examining the factors governing Defendant's Motion, the court will address Plaintiff's claim that Defendant's pursuit of removal cannot coexist with Defendant's argument of *forum non conveniens*.

Under the federal removal statute, a case brought in state court may only be removed "to the district court of the United States for the district and division embracing the place where such action is pending."[23] As this case was originally filed in El Paso County Court at Law Number Three, the El Paso Division was the only division to which this case could have been removed. Accordingly, the court finds no contradiction between Defendant removing this case to the El Paso Division and arguing that it is an

---

[19] *Id.* (internal quotation marks omitted).

[20] *Id.*

[21] *Id.* (internal citations and quotation marks omitted).

[22] *Id.*

[23] 28 U.S.C. § 1441(a).

inconvenient forum.

A.  *Private Interest Factors*

1.  <u>Relative Ease of Access to Sources of Proof</u>

Under the standard of our circuit, relative ease of access to sources of proof, not whether all evidence is easily accessible in one forum, is to be considered in evaluating motions to transfer venue.[24] Even though some documents may be more accessible in one forum, another forum may nevertheless have better access to sources of proof, generally.  Although Plaintiff cites two cases in arguing this factor is neutral whenever any relevant evidence can also be found within a transferor forum, those cases each implicitly analyzed how much evidence could be found in a transferor forum.[25]

Plaintiff does not identify which documents are currently in his possession.  Furthermore, although Plaintiff may receive EEOC documents in the future, Plaintiff concedes these documents are not currently in the El Paso Division.  Based on the parties' filings, the court finds the Austin Division has significantly easier access to sources of proof.  Accordingly, this factor favors transferring venue to the Austin Division.

2.  <u>Availability of Compulsory Process to Secure the Attendance of Witnesses</u>

Defendant states its witnesses may include four current employees who are subject to the Austin Division's subpoena power.[26]  The court finds these employees are irrelevant to this factor.  As these persons are Defendant's employees, Defendant can oblige them to testify on its own.[27]  Defendant has not

---

[24] *Volkswagen*, 545 F.3d at 315.

[25] *See Zurich Am. Ins. Co. v. Tejas Concrete & Materials Inc.*, 982 F. Supp. 2d 714, 725 (W.D. Tex. 2013) (observing that "a significant amount of evidence is presumably" contained in the transferor district); *Metromedia Steakhouses Co., L.P. v. BMJ Foods P.R., Inc.*, No. 3:07-CV-2042-D, 2008 WL 794533, at *3 (N.D. Tex. Mar. 26, 2008) (perceiving no advantage between the sets of documents available at the headquarters of opposing parties).

[26] Mot. 4.

[27] *See Tex. Data Co., L.L.C. v. Target Brands, Inc.*, 771 F. Supp. 2d 630, 643 (E.D. Tex. 2011) ("Target does not need a subpoena to compel the attendance of Kimberly–Clark's current employees since Target (through Kimberly–Clark) has control over them.").

shown how judicial assistance is nevertheless required to compel these employees to testify.

Defendant also lists three former employees who it is likely to call as witnesses.[28]  Although Defendant provides each person's last known city of residence (all within the subpoena power of the Austin Division), it has failed to indicate each person's current residence.[29]  Therefore, the court finds Defendant has not shown any possibly unwilling witnesses are subject to compulsory process in the Austin Division, but not the El Paso Division.

Plaintiff avers he will be calling friends and family as witnesses, as well as Defendant's former employees.  However, Plaintiff does not list any specific witnesses he intends to call at trial, nor does he state they might be unwilling to testify in the absence of compulsory process.  Accordingly, the court cannot analyze which of his witnesses will be subject to or require compulsory process in either the El Paso Division or the Austin Division.

As neither party has shown the need for compulsory process for its witnesses in either forum, the court finds this factor is neutral regarding a venue transfer.

### 3.     Cost of Attendance for Willing Witnesses

Because Defendant has not listed the current residences of three former employees who are prospective witnesses, the court will not analyze the relative cost of their appearances at trial in the Austin Division versus the El Paso Division.  However, the four current employees listed by Defendant live in cities 30 to 50 miles away from the Austin federal courthouse and more than 550 miles away from the El Paso federal courthouse.[30]  Although Plaintiff claims he and several of his witnesses live closer to

---

[28] Mot. 4–5.

[29] Although Defendant cites the case of *Rotoworks International Ltd. v. Grassworks USA, LLC*, for the proposition that last known addresses are sufficient information, that case examined sufficiency for a response to an interrogatory under Federal Rule of Civil Procedure 26(b), not a motion to transfer venue. *Rotoworks*, No. 07-5009, 2008 WL 2680556, at *2 (W.D. Ark. Sept. 7, 2007).  Therefore, the case is irrelevant to the court's analysis.

[30] Mot. 4.

the El Paso courthouse than the Austin courthouse,[31] he does not identify any prospective witnesses except for himself.

Plaintiff argues a transfer should be disfavored, as moving the case to Austin "will simply shift the burden of travel for witnesses from Defendant . . . to Plaintiff."[32] While the court acknowledges transfer of this case away from Plaintiff's preferred forum would be inconvenient for Plaintiff and any witnesses residing in or around El Paso, inconvenience is virtually inevitable for any transfer.[33] When the number of witnesses in or near the transferor forum is not substantial, this factor generally favors a transfer.[34]

Several defense witnesses have been identified who live in or near the Austin Division, whereas Plaintiff has not identified any witnesses who live in or near the El Paso Division other than himself. The only other issue that disfavors a transfer is Plaintiff's claim that he is indigent and receiving economic assistance from family.[35] Plaintiff does not provide any additional information, so the court cannot analyze his financial condition. Accordingly, the court finds that the cost of attendance for willing witnesses favors transferring venue to the Austin Division.

4.    Any Other Practical Problems that Make Trial of a Case Easy, Expeditious and Inexpensive

Neither party argues this factor favors either the El Paso or Austin Divisions. Accordingly, the court finds this factor is neutral regarding a venue transfer.

---

[31] Pl.'s Resp. 6.

[32] *Id.* at 7.

[33] *See Zurich Am. Ins. Co.*, 982 F. Supp. 2d. at 726 ("[C]ourts recognize that the chosen forum is rarely the least expensive venue for every individual affiliated with the case.").

[34] *See Volkswagen*, 545 F.3d at 317 (finding the factor favored a transfer when the transferee forum was more convenient to plaintiffs and defense witnesses). The one exception Plaintiff has cited involved two adjacent divisions (Houston and Galveston). *Bevil v. Smit Ams., Inc.*, 883 F. Supp. 168, 171 (S.D. Tex. 1995).

[35] Pl.'s Original Pet. 7 ¶ 7.

B.     *Public Interest Factors*

1.     Administrative Difficulties Flowing from Court Congestion

A comparison of court congestion in the Austin and El Paso Divisions is difficult.  On one hand, there were more cases filed in the 2014 fiscal year in the El Paso Division (2,780 in El Paso compared to 1,422 in Austin).[36]  On the other hand, the Austin Division observed more civil cases filed in the 2014 fiscal year (1,092 in Austin compared to 457 in El Paso).[37]  Neither party has clearly demonstrated one division is more congested than the other.  Accordingly, the court concludes this factor is neutral regarding a transfer.

2.     Local Interest in Having Localized Interests Decided at Home

As Defendant notes, all events giving rise to this case occurred within the Austin Division.[38]  Accordingly, the Austin Division has a strong local interest in deciding this case.

Plaintiff argues the El Paso Division has a local interest in deciding his case as he is currently working and residing in El Paso.[39]  While the court acknowledges a forum has some interest in deciding a dispute involving one of its residents,[40] this is outweighed by the Austin Division having been the site of all of the acts giving rise to this case.[41]  Plaintiff also avers that Defendant's ownership of a facility in El Paso and its corporate presence in the city supports retaining venue in the El Paso Division.[42]  However,

---

[36] Fiscal Year 2014 Statistics, W. District Tex., 1 (Oct. 15, 2014), http://www.txwd.uscourts.gov/general/statistics/pub_txwd_fy2014.pdf.

[37] *Id.*

[38] Mot. 7.

[39] Pl.'s Resp. 9.

[40] *See Volkswagen*, 545 F.3d at 317 (observing this factor favors transfer in a case where two of three plaintiffs live in the transferee forum).

[41] *See id.* at 318 (noting the residents of the transferee forum "have extensive connections with the events that gave rise to" the case).

[42] Pl.'s Resp. 9.

this argument favors venue in any division where Defendant is operating, which is beyond the public interest encompassed by this factor.[43]

As all events giving rise to this case occurred in the Austin Division, that forum has a stronger local interest in this case than Plaintiff's home forum. Accordingly, this factor favors transfer.

### 3. Familiarity of the Forum with the Law that Will Decide the Case

Plaintiffs claims implicate federal law (Title VII) and Texas state law (TCHRA). Both the El Paso and Austin Divisions are in the Western District of Texas. Each division is equally familiar with and capable of applying the laws at issue in this case. Therefore, this factor is neutral regarding a transfer.

### 4. Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law

No conflict of laws problems have arisen in this case, and no such problems are likely to arise. Similarly, no foreign laws are implicated. As this factor plays no role, it has no effect on the court's analysis.

### C. *Whether Transfer Should be Ordered*

Although Plaintiff may possess some evidence in El Paso, a substantial majority of evidence for this case is in the Austin Division. All identified witnesses with currently known residences (except for Plaintiff) are in or near the Austin Division, making it substantially more convenient for trial. All the events giving rise to this suit occurred in the Austin Division, meaning its interest in deciding this case outweighs the El Paso Division's interest in resolving the case of one of its residents.

Defendant has clearly demonstrated a transfer is for the convenience of parties and witnesses and

---

[43] *See Volkswagen*, 545 F.3d at 318 (holding the trial court's conclusion that a forum has a local interest in a product liability dispute when the product is available there "stretches logic in a manner that eviscerates the public interest that this factor attempts to capture").

in the interest of justice.[44]  As the facts demonstrate the Austin Division is a more convenient forum than the El Paso Division, the court finds a transfer is proper.

**V.**     **CONCLUSION**

"Defendant's Motion for Intra-District Transfer of Venue" [ECF No. 2] is **GRANTED**.  The Clerk of the Court is hereby **INSTRUCTED** to transfer this cause to the Austin Division of the Western District of Texas.

**SO ORDERED.**

**SIGNED** this **14th** day of **January, 2015**.

_____
**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**

---

[44] *Id.* at 315.